[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This collection action is brought by the plaintiff, Icon Cash Flow Partners, L.P. Series E, (Icon) seeking to collect a debt from the defendant, Morande Ford, Inc. (Morande).
The material facts involved herein are:
Morande and SNET Systems, Inc., entered into a sales agreement on or about March 13, 1991 (Exhibit 6) wherein Morande would purchase from and have installed certain telephonic equipment by SNET Systems. That day Morande also executed an Assignment Agreement (Exhibit 7) wherein the sales agreement was amended to permit the telephonic equipment to be leased by SNET Credit, Inc. to Morande Ford. Subsequent amendments or supplements were made addressing the purchase price of the equipment to CT Page 9635 its ultimate sum of $52,939.93.
On or about August 26, 1991 Morande, as lessee, entered into a lease agreement with SNET Credit, Inc. as lessor (Exhibit 1) of the above mentioned telephonic equipment. The lease terms were for 84 monthly payments, of $858.14 each plus taxes, to be made by the lessee, Morande, to the lessor.
On or about September 5, 1991, Morande executed a Purchase Option Letter (True Lease) (Exhibit 2) permitting Morande to purchase the said equipment, at the end of the lease rental period, at fair market value with a minimum price of $5,293.89.
On May 14, 1993 SNET Credit assigned to the plaintiff herein, Icon, (Exhibit 4) all of its right in, to and under the said lease, including collateral and related contracts and documents.
The lease term ended on or about September 4, 1998 with Morande having duly made all monthly payments under the lease. It did not, however, avail itself of the option set out in the Purchase Option Letter to purchase the leased telephonic equipment nor did Morande notify Icon in writing of its election to purchase 60 days prior to the expiration of the rental period as set out in the Purchase Option Letter.
Icon informed Morande that it was extending the lease on the same terms and conditions. Icon refused to accept or consider Morande's contention that the lease was a finance lease with a buy out of one dollar at the conclusion of the 84 month lease period.
Icon contends that paragraph 18 of the lease automatically extends the lease upon the same terms and conditions as set out in said Paragraph 18 of the lease.
Morande disagrees and contends that the intention of the lease was to permit a financing of the purchase of the equipment through a lease with a one-dollar buy out at the expiration of the lease.
Morande bases its argument that the lease with a one-dollar ($1.00) buy out was the intention of the original parties to the sales agreement and to the lease, as well as his understanding of these documents.
The plaintiff disagrees pointing out that there is nothing in the sales agreement, nor in the lease as amended to support that interpretation by the defendant. Further, that Morande's president's testimony that he relied upon assurances given to him by the sales representative at the time the sales and lease were negotiated that the lease was a financing CT Page 9636 document with ownership of the leased property to be with Morande at the termination of the lease and the payment of the token $1.00 was not supported by any of the documentation or writings of the parties at the time these documents were executed.
In addition, the plaintiff points out that the defendant itself as an automobile dealership, was very familiar with leasing of personal property, its purposes and the documentation involved.
If, as the testimony of its president suggests, there was a failure to examine closely the lease documents, or to misinterpret them, that may have been neglect on the part of Morande's officials, but it does not in any way change the clear and direct meaning and effect of the lease.
The court agrees with the plaintiff that the defendant's argument as to the intent of lease is not supported by the documentation presented, nor that any misrepresentation was substantiated as to the intention and purpose of the lease.
The court after hearing the parties, considering the evidence presented, as well as the parties' arguments, together with the application of the applicable laws concludes; that,
The parties after various negotiations and considerations for an acceptable method for the transfer, installation and use of certain telephonic equipment, determined to enter into lease arrangements with an option available to Morande to purchase the equipment at the termination of the lease. This was carried out, (Exhibit 1) together with an amendment (Exhibit 2).
The lease as a whole, i.e., Exhibits 1 2, does not support Morande's contention that the parties intended that at the end of the lease term the equipment would become the property of Morande upon the payment of a token one-dollar, rather than the payment of $5,293.89.
Nor does the lease support Icon's contention that the lease was automatically extended for a year upon the same terms and conditions that applied during the original period of the lease as set out in Paragraph 18 of the lease. The court finds that Paragraph 18 was modified by Exhibit 2, Purchase Option Letter, to permit the renewal of the lease "at the current financing rate reflecting the $5,293.89 value."
The court interprets this phrase to permit the automatic extension of the lease where Morande had not accepted the option to purchase and had not made a final payment of $5,293.89 that was due. CT Page 9637
The court determines that the lease as extended by Icon was renewed at the ". . . then current financing rate reflecting the $5,293.89 value."
Thus the monthly payments on the extended lease are reduced to one-twelfth of $5,293.89, i.e., $441.16, together with interest at the rate of 12.66 percent.[1] Since no payments were made by the defendant during the one-year term of the extended lease, the amount due at the end of that lease term is $5,293.89 of principal plus interest for that year at the rate of 12.66 percent which equals $670.21.
The court notes that the lease sets a late charge of 18 percent on the amount of payment due and not paid. Herein that monthly payment was $441.16 x 18 percent per annum which amounts to $79.41 or $6.62 for the monthly late charge. As each of the 12 monthly payments were not made monthly late charges apply amounting in total to $79.41.
A fair reading of the lease indicates that at the termination of the one-year lease extension no further renewals are available since no further value remains in the leased property. Therefore a total sum of $6,043.51 is due and owing to the plaintiff as of September 1999. This sum is broken down as follows:
Principal — $5,293.89
Interest — 670.21
 Late charges — 79.41
$6,043.51
In addition the lease provides in Paragraph 22 that the lessee be liable for costs and expenses including attorney fees incurred by the lessor.
The court determines that fair and reasonable attorney fees herein be based upon comparable collection cases wherein no unusual or unexpected legal problems come into play, including the interpretation of the lease.
Thus the court determines that the defendant is liable to the plaintiff attorney fees of 20 percent of the amount of the judgment, i.e., $1,208.70.
The defendant is also to reimburse the plaintiff court costs in the sum of $_____.
Kremski, J.T.R. CT Page 9638